NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., | : | |
| Plaintiff, | : | **OPINION** |
| v. | : | No. 2:13-cv-03260 (WHW) |
| K.E.D., INC., et al., | : | |
| Defendants. | : | |

**Walls, Senior District Judge**

Plaintiff Days Inns Worldwide, Inc. ("DIW") moves for entry of default judgment against K.E.D., Inc. ("KED"), Champak Patel, Daksha Patel, Kamlesh Patel and Divyesha Patel (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). The motion has been decided from the written submissions of the parties under Federal Rule of Civil Procedure 78. DIW's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff DIW is a corporation organized and existing under the laws of Delaware, with its principal place of business in Parsippany, New Jersey. Compl. ¶ 1. Defendant KED is a corporation organized and existing under the laws of North Carolina, having an address at 1233 Smoky Park Highway, Candler, North Carolina 28715. *Id.* ¶ 2. Defendants Champak Patel, Daksha Patel, Kamlesh Patel and Divyesha Patel are principals of KED and citizens of North Carolina, having an address at 1233 Smoky Park Highway, Candler, North Carolina 28715. *Id.* ¶¶ 3-6.

**NOT FOR PUBLICATION**

On November 28, 2005, DIW entered into a license agreement (the "License Agreement") with KED for the operation of a 40-room Days Inn® guest lodging facility located at 232 Phillips Road, Waynesville, North Carolina 28786, Site No. 06693-60312-2 (the "Facility"). *See* Aff. of Suzanne Fenimore in Supp. of Mot. for Final J. by Default ("Fenimore Aff.") Ex. A. The License Agreement provided for multiple obligations on behalf of Defendants. Under section 5 of the License Agreement, KED was obligated to operate Days Inn® guest lodging facility for a fifteen-year term. *See id.* Ex. A § 5. Under section 7, section 18.1 and Schedule C of the License Agreement, KED was required to make certain periodic payments to DIW for royalties, system assessment fees, taxes, interest, reservation system user fees, and other fees (collectively, the "Recurring Fees"). *See id.* Ex. A §§ 7, 18.1, Schedule C. KED also agreed, under to section 7.3 of the License Agreement, that interest was payable "on any past due amount payable to [DIW] under this [License] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid." *Id.* Ex. A § 7.3. Section 11.2 of the License Agreement provided that DIW could terminate the license agreement, with notice to KED, if KED (a) discontinued operating the Facility as a Days Inn® guest lodging establishment, or (b) lost possession or the right to possession of the Facility. *Id.* Ex. A § 11.2. In the event of termination of the License Agreement under to section 11.2, section 12.1 of the License Agreement provided that KED would pay liquidated damages to DIW in accordance with a formula specified in the License Agreement. *Id.* Ex. A § 12.1. KED also agreed, under section 17.4 of the License Agreement, that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement." *Id.* Ex. A § 17.4.

**NOT FOR PUBLICATION**

Effective as of the date of the License Agreement, Champak Patel, Daksha Patel, Kamlesh Patel, and Divyesha Patel provided DIW with a Guaranty of KED's obligations under the License Agreement. *See id.* Ex. A at 35; *id.* Ex. B. Under the terms of the Guaranty, Champak Patel, Daksha Patel, Kamlesh Patel, and Divyesha Patel agreed, among other things, that upon a default under the License Agreement, they would "immediately make each payment and perform or cause [KED] to perform, each unpaid or unperformed obligation of [KED] under the [License] Agreement." *Id.* Ex. A at 35; *id.* Ex. B. Champak Patel, Daksha Patel, Kamlesh Patel, and Divyesha Patel also agreed, under the terms of the Guaranty, to pay the costs, including reasonable attorneys' fees, incurred by DIW in enforcing its rights or remedies under the Guaranty or the License Agreement. *Id.* Ex. A at 35; *id.* Ex. B.

On August 9, 2012, KED advised DIW that it had lost possession of the Facility to a third party. *Id.* ¶ 15. By letter dated August 27, 2012, DIW acknowledged KED's unilateral termination of the License Agreement, effective August 9, 2012, and advised KED that it was required to pay the sum of $80,000 to DIW as liquidated damages for premature termination as required under the License Agreement and all outstanding Recurring Fees. *Id.* Ex. C.

Because Defendants never paid those amounts, the complaint in this matter was filed on May 23, 2013. ECF No. 1; Certification of Bryan P. Couch in Supp. of Mot. for Final J. by Default ("Couch Cert.") ¶ 3. On May 31, 2013, the summons and complaint were forwarded to Recon Management Group to effectuate personal service upon Defendants. Couch Cert. ¶ 4. The summons and complaint were served upon Defendants on June 22, 2013, as appears from the return of service filed with the Court. *Id.* ¶ 5; ECF No. 6. The time in which Defendants had to answer or otherwise respond to the complaint expired, and Defendants did not answer or otherwise move. Couch Cert. ¶ 6. Default was entered by the Clerk of the Court against Defendants on July 17,

**NOT FOR PUBLICATION**

2013 for their failure to plead or otherwise defend this action. *Id.* ¶ 7. By letter dated July 17, 2013, DIW served a copy of the default upon Defendants. *Id.* Ex. A.

DIW moved for default judgment on December 13, 2013. ECF No. 8.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The power to grant default judgment "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted). Because the entry of default prevents claims from being decided on the merits, courts do "not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).

The Third Circuit considers three factors in determining "whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

In deciding a motion for default judgment, "the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant." *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005). The court must, however, make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" regarding questions of law. *Days Inn Worldwide, Inc. v. Mayu & Roshan, L.L.C.*, No. 06-cv-1581(PGS), 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). Similarly, a court does not accept as true allegations pertaining to the amount of damages, and may employ various methods to ascertain the amount of damages due. While the court may conduct a hearing

**NOT FOR PUBLICATION**

to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

## DISCUSSION

### I.  Default Judgment is Appropriate

This cause of action is based on the Defendants' breach of contract. The elements of such a claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Here, the parties entered into the License Agreement and Guaranty for the operation of a lodging facility. Defendants breached those contracts by prematurely terminating the License Agreement and not paying the liquidated damages or the Recurring Fees they owed DIW as a result of that termination. Damages flowed therefrom because DIW performed services without being compensated for them (the Recurring Fees) and DIW has not been compensated for the reasonable liquidated damages agreed to by contract. DIW performed its own contractual obligations under the License Agreement because it performed the services contracted for and only terminated the License Agreement upon notification from Defendants that Defendants had lost possession of the Facility to a third party, a proper termination under the License Agreement. DIW has pled the elements of this claim and put forth unchallenged facts which constitute a legitimate cause of action.

Under the *Chamberlain* factors, default judgment is appropriate. DIW will suffer prejudice if default is denied because it has already waited a year and a half to be paid the Recurring Fees and the liquidated damages it is entitled to under the contracts. The Defendants have not presented

**NOT FOR PUBLICATION**

any facts or arguments to suggest they have a litigable defense for their breaches of contract with DIW. It is not clear if Defendants' failure to litigate is the result of willful or bad faith conduct, though they have failed to retain counsel for over nine months since the filing of the complaint. Having considered these three factors, the Court finds that default judgment is appropriate.

## II.     Damages

DIW seeks damages that include the Recurring Fees ($142,957.66 including interest calculated at 1.5% per month under section 7.3 of the License Agreement), liquidated damages ($80,000 under section 12.1 of the License Agreement, plus interest on that amount calculated at the rate of 1.5% per month for a total of $19,133.25), attorneys' fees ($3,900.00 under section 17.4 of the License Agreement), and costs ($1,502.29, also under section 17.4 of the License Agreement). The Court has reviewed DIW's submissions and finds that these amounts accurately represent the amount Defendants owe DIW under the License Agreement and Guaranty. *See* Fenimore Aff. ¶¶ 17-26; *id.* Ex. D (Itemized Statement of Recurring Fees); *id.* Ex. E (Itemized Breakdown of Amounts Owed); Couch Cert., Ex. B (Attorney Billing Records). Judgment will be entered against Defendants in the amount of $247,493.20.

## CONCLUSION

Plaintiff's motion for default judgment is granted. Judgment is entered against Defendants in the amount of $247,493.20.

April 11, 2014

/s/ **William H. Walls**
United States Senior District Judge